**Sullivan NELSON, Petitioner,**

v.

**Charles SCULLY, Superintendent, Greenhaven Correctional Facility, Respondent.**

**No. 81 Civ. 6942.**

United States District Court, S. D. New York.

April 21, 1982.

Sullivan Nelson, pro se.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, for respondent; Mark Dwyer, Roger W. Frydrychowski, Asst. Dist. Attys., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, now serving a term of imprisonment of 10 to 20 years pursuant to a judgment of conviction entered upon his plea of guilty of manslaughter in the first degree in the Supreme Court of the State of New York, County of New York, seeks to void the conviction under the double jeopardy prohibition of the Fifth Amendment of the Federal Constitution.

The basis of his claim requires reference to events preceding his indictment and plea of guilty. On October 8, 1977 petitioner shot and inflicted bullet wounds on one Max Azafrani. On October 26, 1977 petitioner was indicted and charged with attempted murder of Azafrani and related offenses, the maximum penalty for which was 25 years. His victim had been rendered unconscious by the attack and was so at the time of the indictment. Petitioner's trial was postponed from time-to-time with his consent. On February 1, 1978, petitioner pled guilty of attempted murder. On March 8, 1978 he was sentenced as a prior felony offender to a term of 6 to 12 years imprisonment. Three weeks later, on March 29, 1978, the victim died without having regained consciousness from the time of the shooting. A medical examiner certified that the proximate and direct cause of death were the gunshot wounds of the head, skull and brain. On June 22, 1978, petitioner was indicted and charged with murder in the second degree under New York's law which provides:

§ 40.20(2) A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:

\* \* \* \* \* \*

(d) One of the offenses is assault or some other offense resulting in physical injury to a person, and the other offense is one of homicide based upon the death of such person from the same physical injury, and such death occurs after a prosecution for the assault or other non-homicide offense;[1]

The petitioner moved to dismiss the second indictment upon a plea of double jeopardy. The State contended that the New York statute was constitutional under a recognized exception to the double jeopardy provision that a conviction of assault is not a bar to a prosecution for homicide if the death of the person assaulted did not occur until after the first conviction.[2] Peti-

---

1. N.Y.Crim.Proc.Law § 40.20(2)(d) (McKinney 1981).

2. See Brown v. Ohio, 432 U.S. 161, 169 n.7, 97 S.Ct. 2221, 2227 n.7, 53 L.Ed.2d 187 (1977); Ashe v. Swenson, 397 U.S. 436, 453 n.7, 90 S.Ct. 1189, 1199 n.7, 25 L.Ed.2d 469 (1970)

tioner's counsel recognized the force of the exception but contended it was inapplicable in the instant case because the prosecution was aware (1) that the victim's death was foreseeable; (2) of the gravity of the charge even in the absence of death; and (3) the defendant faced a maximum sentence of up to 25 years on the initial charge. He argued that with such knowledge the prosecution entered into a plea bargain whereby petitioner was permitted to plead to the lesser offense of attempted manslaughter which resulted in a substantial diminution of the twenty-five year punishment that could be imposed. The essence of the claim was that by the second indictment the prosecution made "use of the victim's death as a basis for avoiding the unacceptable consequences of a negotiated plea." While not expressly stated, evidently petitioner sought thereby to raise an issue of fundamental unfairness by the prosecution under the due process clause of the Fourteenth Amendment. The court, after consideration, held that the prosecution was not barred by the double jeopardy clause or by the due process clause or any provision of the United States or State Constitutions and denied the motion to dismiss the indictment.

Petitioner then pled guilty to the crime of manslaughter in the first degree under the second indictment and was sentenced to a term of imprisonment of 10 to 20 years to run concurrently with the 6 to 12 year sentence previously imposed on the attempted murder conviction. The petitioner reserved the right to appeal. Upon appeal, the Appellate Division affirmed without opinion.[3] A reading of petitioner's brief in the Appellate Division indicates that the constitutional claim of violation of double jeopardy was never presented to the Appellate Division. Under state procedure, peti-

tioner waived his right to appellate review when he failed to present his grounds or issues in support of his appeal.[4] The sole question presented to the Appellate Division was "whether appellant's ten-to-twenty year sentence for manslaughter was excessive in view of the fact that appellant had pled guilty to attempted murder and had already been sentenced on that charge before the victim died."[5]

The argument advanced to the appellate court was that "no penalogical purpose will be served by adding so harsh an increment—a total of 12 additional years—to the minimum and maximum terms appellant received for his initial conviction." In addition, it was argued that petitioner because of the two felony convictions arising from "a single compulsive act" faced some prejudice on future parole considerations and the court was urged to "reduce appellant's sentence to 7–14 years to minimize that prejudice." Not a single word or citation in the appeal to the Appellate Division suggests a violation of federal constitutional right against double jeopardy protection or the denial of due process of law was presented for the court's determination. Accordingly, under *Wainwright v. Sykes*,[6] the instant federal habeas corpus petition filed pursuant to 28 U.S.C., section 2254, must be dismissed since no cause has been shown for failure to present the constitutional claim to the State Appellate Court. Consequently, this Court does not consider the petitioner's constitutional claim under the exception provided by *Wainwright*.[7]

Even assuming that petitioner's non-compliance with the State's appellate procedural rule did not result in a waiver of his constitutional claim, the instant petition must be denied under the clear mandate of

(Brennan, J., concurring); *Diaz v. United States*, 223 U.S. 442, 448–49, 32 S.Ct. 250, 251, 56 L.Ed. 500 (1912).

3.  *People v. Nelson*, 79 A.D.2d 895, 435 N.Y.S.2d 870 (1980), *leave to appeal denied*, 52 N.Y.2d 1079, 438 N.Y.S.2d 1037, 420 N.E.2d 409 (1981).

4.  N.Y.Crim.Proc.Law § 440.10(2)(c) (McKinney 1971).

5.  Appellant's Brief at 1, 3.

6.  433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

7.  433 U.S. at 90–91, 97 S.Ct. at 2508.

28 U.S.C., section 2254(c).[8] The foregoing discussion makes it amply clear that the constitutional claim advanced in this habeas corpus proceeding to void the judgment of conviction was never presented to the State Appellate Court. His failure to do so is particularly significant since during the colloquy preceding the entry of his guilty plea, petitioner's counsel stated it was offered also "to get the issue presented in this case before the Appellate Division as expeditiously as possible."[9] The failure to urge it as a ground for the vacatur of the conviction suggests recognition of the futility of pursuing the claim of double jeopardy.

The petition for a writ of federal habeas corpus is dismissed. So ordered.

---

**8.** *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Johnson v. Metz*, 609 F.2d 1052, 1055–56 (2nd Cir. 1979).

**9.** Record, February 2, 1979 at 9.